**REISSUED FOR PUBLICATION**
**MAY 1 2018**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: April 3, 2018

*ORIGINAL*

FILED
APR 03 2018
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| * * * * * * * * * * * | * | |
| TERRANCE MONK, | * | UNPUBLISHED |
| c/o Child Daughter, | * | |
| | * | |
| Petitioner, | * | No. 18-68V |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Insufficient Proof; |
| AND HUMAN SERVICES, | * | Severity Requirement. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * | * | |

Terrance Monk, appearing *pro se*, for petitioner.
Debra Begley, United States Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

On January 16, 2018, Terrance Monk filed a *pro se* petition on behalf of his minor daughter in the National Vaccine Injury Compensation Program ["Program"].[2] Petitioner alleged that his daughter suffered an anaphylactic reaction as a result of a DTaP and/or Polio vaccination administered on or about October 16, 2017. Petition at 1-2, [ECF No.1]. For the reasons stated herein, petitioner's claim is dismissed for failure to meet the severity requirements of 42 U.S.C. § 300aa-11(c)(1)(D).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Case 1:18-vv-00068-UNJ   Document 11   Filed 05/01/18   Page 2 of 3

## I. Procedural History

Petitioner filed his petition without accompanying medical records on January 16, 2018.[3] Petitioner also filed a Motion to Proceed *in forma pauperis* that same day. ECF No. 4. On March 29, 2018, the undersigned held an initial status conference with petitioner and respondent's counsel, which was digitally recorded. During the status conference, the undersigned reviewed petitioner's financial situation and granted his Motion to Proceed *in forma pauperis*. An order reflecting the same will be issued separately.

The undersigned then reviewed petitioner's claim. Petitioner stated that within hours of receiving the vaccination(s), his daughter "began feeling faint, [turning] blue, [and] swelling in her lips and throat." Petition at ¶ 6. Petitioner's daughter presented to the emergency room, and petitioner noted that the doctor "determined she suffered a form of anaphylactic reaction and prescribed Benadryl." *Id.* at ¶ 7. Petitioner's daughter then presented for follow-up appointments and missed school, which petitioner notes was a hardship on the child's mother. *Id.* at ¶¶ 7-8.

Petitioner provided an update on his daughter's condition during the initial status conference. She was fully recovered in the days following the vaccination(s) and currently has no residual issues related to the anaphylactic reaction.

## II. Conclusion

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that he or she suffered a "Table Injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table ["Table"] and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. 42 U.S.C. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present case, petitioner alleges a Table injury. *See* Petition at ¶ 9. Both the DTaP and Polio vaccines are listed on the Table and both list anaphylaxis as a Table injury if it manifested within four hours.[4] 42 U.S.C. § 300aa-14.

---

[3] Petitioner did file a copy of the appointment card for his daughter's DTAP and Polio vaccinations scheduled for October 16, 2018, but not a record of vaccination or the medical records from that visit. *See* Pet. Ex. C at 1. Petitioner also filed a one-page sheet of discharge instructions from the emergency room dated October 16, 2017, but not the actual medical records from that visit. *Id.* at 2.

[4] Petitioner does not specify if his daughter received a vaccine containing a polio live virus ("OPV") or a vaccine containing polio inactivated virus ("IPV"). The undersigned assumes she received IPV, for which anaphylactic reaction is listed as a Table injury if it manifested within four hours, but notes that if she received OPV, anaphylactic reaction is not listed as a Table injury.

2

However, to be eligible for compensation, petitioners in the Program must as a threshold matter demonstrate that they meet the severity requirement of 42 U.S.C. § 300aa-11(c)(1)(D), which provides:

> A petition for compensation under the Program for a vaccine-related injury or death shall contain …. an affidavit, and supporting documentation, demonstrating that the person who suffered such injury …. suffered the residual effects or complications of such illness, disability, injury, or condition **for more than 6 months after the administration of the vaccine**.

42 U.S.C. § 300aa-11(c)(1)(D) (emphasis added).

The undersigned appreciates the hardship incurred by petitioner's daughter and family to treat her anaphylactic reaction and to attend follow-up appointments, requiring petitioner's daughter to miss school and her mother to miss work. However, per petitioner's representation during the initial status conference, his daughter's condition resolved within days after vaccination and no residual effects or complications have persisted for greater than six months. As such, the injury does not meet the threshold requirements of the Vaccine Act, and it is therefore appropriate to dismiss the claim.

**Pursuant to Rule 21(b) of the Rules of the United States Court of Federal Claims, this claim is DISMISSED for petitioner's failure to meet the severity requirement of 42 U.S.C. § 300aa-11(c)(1)(D). The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

_____
Thomas L. Gowen
Special Master